IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 5:04CR627 |
| Plaintiff, | : | Judge Donald C. Nugent |
| v. | : | **GUILTY PLEA** |
| BRIAN P. FIRST, | : | |
| Defendant. | : | |

1. Pursuant to Rule 11(a) of the Federal Rules of Criminal Procedure, the defendant in this case, Brian P. First, pleads guilty to counts 1 through 4 of the indictment.

2. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or the Court, with the consent of the United States, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, and the right against compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant understands that, if he pleads guilty and that plea is accepted by the Court, there

- 1 -



will not be a further trial of any kind, so that by pleading guilty, the defendant waives the right to a trial.

3. **Sentencing Guidelines.** The defendant understands that federal sentencing law requires the Court to impose a sentence that is reasonable. He also understands that the Court must consider the advisory United States Sentencing Guidelines in effect at the time of sentencing, along with other factors including those enumerated in 18 U.S.C. §§ 3553(a) and (b), in determining a reasonable sentence.

4. **Special Assessment.** The defendant is required to pay a mandatory special assessment of $400.00 due at sentencing.

5. **Costs.** The Court may order the defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

6. **Violation of Supervised Release.** If the defendant violates any term or condition of supervised release (if that should be a component of his sentence), such violation could result in a period of incarceration or other additional penalties as imposed by the Court.

7. **Elements of the Offense.** The elements of the offenses to which the defendant pleads guilty are:



### (Count 1)
### 18 U.S.C. § 2422(b): Coercion and Enticement

One: The defendant knowingly persuaded, induced, enticed, coerced, or attempted to persuade, induce, entice, or coerce, any individual who has not attained the age of 18 years old to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense; and

Two: The defendant did so by use of the mails or any facility or means of interstate or foreign commerce, or within the special maritime jurisdiction and territorial jurisdiction of the United States.

### (Count 2)
### 18 U.S.C. § 2241(c): Aggravated sexual abuse with children

One: The defendant crossed a state line; and

Two: The defendant did so with the intent to engage in a sexual act with a person who had not attained the age of 12 years old.

### (Count 3)
### 18 U.S.C. § 2423(b): Travel with intent to engage in illicit sexual conduct

One: The defendant knowingly traveled in interstate commerce; and

Two: The defendant did so for the purpose of engaging in any illicit sexual conduct with another person.

### (Count 4)
### 18 U.S.C. § 111(a): Assaulting, resisting, or impeding certain officers or employees

One: The defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any person designated in 18 U.S.C. §1114 while engaged in or on account of the performance of official duties.

8. **Maximum Statutory Sentence.** The maximum statutory sentence for the charges in the indictment to which the defendant pleads guilty are as follows:



| Statute | Maximum Statutory Sentence |
| --- | --- |
| 18 U.S.C. § 2422(b) (count 1) | Imprisonment: 30 years<br>Fine: $250,000<br>Supervised release: life |
| 18 U.S.C. § 2241(c) (count 2) | Imprisonment: life<br>Fine: $250,000<br>Supervised release: life |
| 18 U.S.C. § 2423(b) (count 3) | Imprisonment: 30 years<br>Fine: $250,000<br>Supervised release: life |
| 18 U.S.C. § 111(a) (count 4) | Imprisonment: ~~one~~ 20 years [initialed]<br>Fine: ~~$100,000~~ $250,000<br>Supervised release: 3 years |

9. **Factual Basis.** On November 26, 2004, the defendant traveled from Indiana to Ohio for the purpose of engaging in sexual activity with three individuals he thought to be an adult mother and her two daughters, ages twelve and seven. Two days before this, the defendant communicated by internet instant messaging with an undercover officer posing as the mother and also for a brief period of time as the twelve-year-old daughter. In the internet communication, the defendant expressed his desire to engage in oral sex and sexual intercourse with them, and attempted to persuade them to engage in these acts with him. While in a Pizza Hut parking lot in Bolivar, Ohio where the purported mother and the defendant were to meet, the defendant impeded Special Agent Cathy Bickford's efforts to

- 4 -



apprehend him. by striking ~~her~~ door to her vehicle with his 2001 GMC Jimmy while she was in the proximity of the door.

As the defendant in the above-captioned case, I am entering this guilty plea voluntarily and of my own free will.

_____  
Brian P. First  
Defendant

May 27, 2005

_Willis C. B._ (counsel for Brian P. First)   5-27-05

_Michael A. Sullivan_ (Asst. US Attorney)   5-27-05

**APPROVED:**

_____  
United States District Judge Donald C. Nugent

May 27, 2005